IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No 13-cv-00727-RBJ

MERRILL LYNCH CREDIT CORPORATION,

    Plaintiff,

v.

ROBERT MOORE,

    Defendant.

## ORDER

This is a state court foreclosure action removed to this Court by the homeowner. Pending are Mr. Moore's motion to dismiss the case [docket #5] and Merrill Lynch Credit Corporation's motion to remand the case to the state court. [#6].[1] Although Mr. Moore's response to the remand motion is not yet due, the Court remands the case *sua sponte* for the reasons set forth in this order.

**Facts**

On February 22, 2013 Merrill Lynch Credit Corporation filed a "Verified Motion for Order Authorizing Sale" in the Adams County, Colorado District Court. [#6-2]. Known as a Rule 120 proceeding because it was filed under Rule 120 of the Colorado Rules of Civil Procedure, the motion requested an order authorizing a Colorado public trustee foreclosure sale of property owned by Mr. Moore. Mr. Moore was served with the motion and related papers as

---

[1] Merrill Lynch Credit Corporation is now known as Bank of America but will be referred to in this order by its former name, which is the name in which the state court pleadings were filed.

required by Rule 120(c). However, instead of responding, he removed the case to this Court. [#1].

### Standard of Review

"When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction . . . , the defendant or defendants may remove the action to federal court . . . ." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999) (quoting *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68, (1996)). The removing party bears the burden of establishing the requirements of federal jurisdiction. *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001). "[R]emoval statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1095 (10th Cir. 2005). When a case involves a *pro se* party the court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

### Conclusions

Mr. Moore has not met his burden to show that this Court has subject matter jurisdiction over this case. The underlying action filed by Merrill Lynch Credit Corporation is a proceeding for authorization of a foreclosure sale of Mr. Moore's home under Rule 120 of the Colorado Rules of Civil Procedure. To support his Notice of Removal, Mr. Moore attached Merrill Lynch Credit Corporation's Rule 120 Motion. Numerous courts in this district have held that they do not have jurisdiction over state proceedings under Rule 120. *GMAC Mortg., LLC v. Stoneberg*, No. 12-CV-02662-WYD, 2012 WL 4856728 (D. Colo. Oct. 11, 2012) (citing *Bank of Am.: Nat'l Ass'n v. Sladek*, No. 11–cv–02842–BNB, 2011 WL 5459492, at *2 (D.Colo. Nov. 10, 2011); *Mut. of Omaha Bank v. McKee*, No. 11–cv–02936–REB–KLM, 2012 WL 1884231, at 2

(D.Colo. Jan. 23, 2012), *aff'd*, 2012 WL 1884189 (D .Colo. May 23, 2012); *PNC Bank N.A. v. Salas*, No. 12–cv–02580–BNB, 2012 WL 4511401, at *2 (D.Colo. Oct. 2, 2012)). I agree. Because this Court does not have jurisdiction over cases arising from state proceedings under Rule 120, it lacks jurisdiction over this case, and remand is necessary.

**Order**

1. The case is remanded to the Adams County District Court.
2. Pending motions #5 and #6 are deemed MOOT.

DATED this 26th day of April, 2013.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge